UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LARRY HANSON,

        Petitioner,

v.

DEWAYNE HENDRIX,

        Respondent.

Case No. 3:22-cv-00165-AA

OPINION AND ORDER

AIKEN, District Judge.

    Petitioner files this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and alleges that the Bureau of Prisons (BOP) failed to award him time credits to which he is entitled under the First Step Act (FSA). Respondent argues that the Petition should be dismissed because petitioner failed to exhaust available administrative remedies and his claim is unripe and lacks merit. The record establishes that petitioner did not pursue an administrative remedy with BOP before filing suit and he presents no basis to excuse his failure to exhaust. Accordingly, the Petition is dismissed, without prejudice.

1 -   OPINION AND ORDER

DISCUSSION

Under the FSA, eligible inmates with a low risk of recidivism may receive earned time credits for participating in "evidence-based recidivism reduction programs" and other "productive activities." 18 U.S.C. §§ 3632(d)(4)(A), 3632(d)(5); 28 C.F.R. § 523.42. Inmates assessed with a medium or high risk of recidivism may earn time credits, but those credits cannot be applied to the inmate's sentence unless and until the inmate is reassessed with a low risk of recidivism. *See* 18 U.S.C. §§ 3624(g), 3632(d)(5); 28 C.F.R. § 523.44. To determine a prisoner's eligibility to receive earned time credits, BOP developed the Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN) score, which is a risk assessment tool used to predict the likelihood of recidivism. *See, e.g.,* 18 U.S.C. § 3631.

Petitioner is currently serving a 110-month sentence for conspiracy to commit wire and mail fraud and has a projected release date of April 6, 2025. Baumeister Decl. ¶¶ 4b, 5a. Although petitioner is eligible to earn FSA time credits, he has been assessed with a high rate of recidivism and those credits cannot be applied to his sentence. *Id.* ¶¶ 7, 10. Plaintiff claims that BOP miscalculated his PATTERN score to find him ineligible to receive credit and it should be required to recalculate his PATTERN score and apply the appropriate FSA credit toward his sentence. Pet. at 6 (ECF No. 1). Petitioner concedes that he did not pursue administrative remedies with BOP before filing suit in this Court. *Id.* at 3.

To seek habeas relief under § 2241 "a petitioner must first, 'as a prudential matter,' exhaust his or her available administrative remedies." *Singh v. Napolitano,* 649 F.3d 899, 900 (9th Cir. 2010) (per curiam). According to the Ninth Circuit, the exhaustion of administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum," conserves "the court's time because of the possibility that the relief applied for

may be granted at the administrative level," and allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam). Courts may waive the exhaustion requirement if administrative remedies are inadequate, ineffective, or futile, or if the pursuit of them would cause irreparable injury. *Laing v. Ashcroft,* 370 F.3d 994, 1000-01 (9th Cir. 2004); *see also Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (waiving the exhaustion requirement where the request for administrative remedy was denied pursuant to official BOP policy and further appeal would have been futile).

Petitioner makes the conclusory assertion that "Ninth Circuit caselaw says I don't have to exhaust any remedies." Pet. at 3. Petitioner is incorrect. *See Singh,* 649 F.3d at 900. Further, the exhaustion requirement is particularly well-suited to address issues involving eligibility for earned time credits, as BOP has the authority to calculate prison sentences. *See, e.g., Chua Han Mow v. United States,* 730 F.2d 1308, 1313-14 (9th Cir. 1984) (stating that an action involving the application of credit to a prisoner's sentence "is exactly the type of case in which exhaustion of administrative remedies should be required"); *see also United States v. Wilson*, 503 U.S. 329, 332 (1992) (explaining that BOP computes time credits and not the sentencing judge); *United States v. Martinez*, 837 F.2d 861, 865-66 (9th Cir. 1988) (accord).

Petitioner does not claim that exhausting BOP remedies would be ineffective or futile, and he fails to show how he would be irreparably harmed by seeking relief through BOP's administrative remedy process. Petitioner is not scheduled to be released until 2025 and should have an adequate opportunity to complete all stages of the administrative process. Accordingly, no grounds exist to waive the exhaustion requirement, and the Petition is dismissed for failure to exhaust.

3 -    OPINION AND ORDER

## CONCLUSION

Petitioner has not exhausted his administrative remedies, and this action is DISMISSED, without prejudice.

IT IS SO ORDERED.

DATED this  13th  day of September, 2022.


                                        /s/Ann Aiken  
                                          Ann Aiken  
                                 United States District Judge

4 -    OPINION AND ORDER